|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| HER-VILL GROUP CORP.,<br><br>    Plaintiff,<br><br>    v.<br><br>NETSER COMPUTER INT'L, et al.,<br><br>    Defendants. | Civil No. 06-1648 (JAF) |

**OPINION AND ORDER**

Plaintiff Her-Vill Group Corporation brings the present diversity action against Defendants Netser Computer International, Inc. ("Netser"), Francisco Herrera ("Herrera"), and several unnamed parties requesting compensatory damages for breach of contract. Docket Document No. 1.

Defendants Netser and Herrera move to dismiss Plaintiff's complaint for lack of personal jurisdiction, or alternatively, improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(3). Docket Document No. 6. Defendants also request, without submitting to the court's jurisdiction, that the court order Plaintiff to submit its claim to arbitration, as required under the parties' contract. Docket Document No. 11. For the reasons stated below, the court grants Defendants' motion to dismiss for lack of personal jurisdiction, but denies their motion for an order compelling arbitration.

I.

**Factual and Procedural Synposis**

We derive the following factual summary from the parties' pleadings, briefs, and affidavits. Docket Document Nos. 1, 6, 9. We note that the record before the court is sparse.

Plaintiff Her-Vill is a corporation that has its primary place of business in San Juan, Puerto Rico. It provides computer maintenance service throughout the Caribbean using various subcontractors, including Defendant Netser. Netser is a Florida corporation whose principal offices are in Coral Springs, Florida.

Defendant Netser entered into a Maintenance Service Supplier Agreement ("the contract") with Plaintiff Her-Vill on July 1, 2004. After Her-Vill sent a draft of the contract to Netser and certain changes were made, Netser signed the contract in Florida, and then sent it to Her-Vill in Puerto Rico, where Her-Vill signed it. The contract contains a choice of law clause stating that it is governed by the laws of Puerto Rico. The contract further establishes that disputes arising thereunder will be arbitrated by the parties.

The parties' business arrangement was set up in the following manner: Plaintiff Her-Vill received computer maintenance service requests from its customers, and assigned these jobs to various subcontractors, including Defendant Netser. After the completion of each job, Defendant Netser sent all forms to Plaintiff for inspection and, each month, Netser sent all of its service invoices to Plaintiff

Civil No. 06-1648 (JAF)                                                    -3-

for review, approval, and payment.  Occasionally, Netser sent representatives to Puerto Rico for performance evaluations.

Netser is based in Florida and does not have any employees, offices, property, books, records or bank accounts in Puerto Rico. Netser also does not provide any services in Puerto Rico.  As stated in the contract, Netser's service area is limited to "Trinidad & Tobago, Barbados, St. Vincent, Dominica, Anguilla, Jamaica, Bahamas and other English speaking Caribbean islands."  Docket Document No. 6, Exh. 1.  Defendant Herrera, Netser's General Manager, is a resident of Florida and does not own or lease any property, or have a bank account or office in Puerto Rico.[1]  He also does not provide any services in Puerto Rico.

Defendants Netser and Herrera moved to dismiss Plaintiff's complaint on August 18, 2006, alleging (1) lack of personal jurisdiction; (2) failure to submit the claim to arbitration in violation of the parties' contract; and, in the alternative, (3) improper venue.  Docket Document No. 6.  Plaintiff opposed on September 25, 2006, conceding that the dispute must be submitted to arbitration in accordance with the contract, but contesting

---

[1] Defendant Herrera argues that Plaintiff wrongfully sued him in his personal capacity because the lawsuit is for breach of contract and, while he was a signatory to the contract, he signed it in his official capacity as the General Manager of Nestser.  Docket Document No. 6.  We need not decide this matter because Herrera has not filed a Rule 12(b)(6) motion for failure to state a claim against him and, moreover, we dismiss the complaint in its entirety for lack of personal jurisdiction.

Civil No. 06-1648 (JAF)                                                      -4-

Defendants' assertion that the court lacks personal jurisdiction. Docket Document No. 9. On September 27, 2006, Defendants replied to Plaintiff's argument regarding personal jurisdiction. Docket Document Nos. 10, 13. That same day, Defendants also filed a second motion, without submitting to the jurisdiction of this court, requesting an order compelling arbitration. Docket Document No. 11.

## II.

### Motion to Dismiss Standard Under Rule 12(b)(2)

Under Rule 12(b)(2), a defendant may move to dismiss an action against him for lack of personal jurisdiction. See FED. R. CIV. P. 12(b)(2). Since federal courts are courts of limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating its existence. See United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). To show that each defendant is amenable to personal jurisdiction in the forum state, a plaintiff must make a prima-facie showing "as to every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution." Harlow v. Children's Hosp., 432 F.3d 50, 57 n.3 (1st Cir. 2005)(internal quotations omitted). This showing must be made using affirmative proof of specific facts. Swiss Am. Bank, Ltd., 274 F.3d at 619; Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992)(stating that mere references to unsupported allegations in the complaint are insufficient to establish personal jurisdiction). The district court will accept the plaintiff's asserted facts as true

Civil No. 06-1648 (JAF) -5-

so long as they are properly supported by evidence, and make its ruling not as a fact finder, but, rather, as a matter of law. Swiss Am. Bank, Ltd., 274 F.3d at 619.

### III.

### Analysis

**A. Personal Jurisdiction**

The Due Process Clause of the Fourteenth Amendment protects an individual from being subject to binding judgments of a forum with which he has had "no meaningful 'contacts, ties or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)); see also Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 52 (1st Cir. 2002). We exercise personal jurisdiction over a defendant "'by virtue of either general or specific jurisdiction.'"[2] Northern Laminate Sales, Inc. v. Davis, 403 F.3d 14, 24 (1st Cir. 2005) (quoting Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n,

---

[2] Typically, we first look at Puerto Rico's long-arm statute to determine whether we may exercise personal jurisdiction over a defendant. See Ticketmaster-New York v. Alioto, 26 F.3d 201, 204 (1st Cir. 1994); see also 32 L.P.R.A. App. III R. 4.7 (2004) (authorizing jurisdiction over a person not domiciled in Puerto Rico "if the action or claim arises because said person . . . [t]ransacted business in Puerto Rico personally or through his agent."). However, in this case, we need not decide whether the long-arm statute applies because, even if it did, the exercise of personal jurisdiction over Defendants would be unconstitutional. See U.S.S. Yachts, Inc. v. Ocean Yachts, Inc., 894 F.2d 9, 11 (1st Cir. 1990) (finding it unnecessary to analyze the long-arm statute because the exercise of personal jurisdiction "would offend due process").

Civil No. 06-1648 (JAF)                                                        -6-

142 F.3d 26, 34 (1st Cir. 1998)). "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." Swiss Am. Bank, Ltd., 274 F.3d at 618 (internal quotations omitted). "Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities." Id. (internal quotations omitted).

**1.   General Jurisdiction**

To establish general jurisdiction, a plaintiff must prove that (1) the defendant engaged in continuous and systematic business activities in the forum state, and (2) the exercise of jurisdiction would be reasonable. Swiss Am. Bank, Ltd., 274 F.3d at 619. If the first criterion is not met, the inquiry ends there. Id.

General jurisdiction cannot be established unless the defendant's contacts are "so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely district from those activities." Int'l Shoe Co. v. Washington, 326 U.S. 310, 318 (1945); see also Noonan v. Winston Co., 135 F.3d 85, 93 (1st Cir. 1998)(stating that the constitutional requirements for general jurisdiction are much more demanding than those for specific jurisdiction). In determining what constitutes continuous and systematic contacts, we look to "the types of contacts

deemed insufficiently continuous and systematic in other cases." Swiss Am. Bank, Ltd., 274 F.3d at 621.

### a. Defendant Netser

Defendant Netser contends that general jurisdiction does not exist because Netser is organized under Florida laws, its principal offices are in Coral Springs, Florida, and it does not have any employees, offices, real property, company books or records, bank accounts, officers, or directors in Puerto Rico. Docket Document No. 6. Netser also does not pay taxes in Puerto Rico. Id.

Plaintiff does not contest these facts. However, it asserts that general jurisdiction is proper because: (1) Netser "systemically and continuously carried out business" in Puerto Rico by entering into an agreement whereby it regularly received referrals from Plaintiff's Puerto Rico office for work in various Carribean islands, (2) Netser received payments from Plaintiff's Puerto Rico office, and (3) Netser agreed to a choice of law provision favoring Puerto Rico law. Docket Document No. 9.[3]

We disagree with Plaintiff. Defendant Netser's contacts with Puerto Rico are far too modest to support general jurisdiction as they are less continuous and systematic than those contacts found to be insufficient in other cases. For example, in Noonan v. Winston

---

[3] Plaintiff provides no legal support for its allegations. Docket Document No. 9. If any briefs are submitted to this court in the future, they must contain legal support for all arguments.

Civil No. 06-1648 (JAF)                                                   -8-

Co., the First Circuit affirmed a Massachusetts district court's finding that it could not exercise jurisdiction over a British company that sent an employee to Massachusetts numerous times, directly solicited business from a Massachusetts company, and received $585,000 in orders from Massachusetts.  135 F.3d 85, 93-94 (1st Cir. 1998).  Similarly, in the present case, there is evidence that Netser sent representatives to Puerto Rico for performance evaluations, and received payments and work assignments from Plaintiff's Puerto Rico office.  However, there is no evidence that Defendant Netser took any affirmative steps, as the defendant in Noonan had done, to actively solicit business from Plaintiff or any other company in Puerto Rico.  Because Defendant Netser's contacts are less continuous and systematic than those found to be insufficient in Noonan, we find that we may not exercise general jurisdiction over Netser.

In further support of our conclusion regarding general jurisdiction, we look to United States Schools of Golf, Inc. v. Biltmore Golf, Inc., an analogous case from the Southern District of Indiana that held that general jurisdiction was lacking.  No. 05-0313, 2005 U.S. Dist. LEXIS 28235, at *10-12 (S.D. Ind. Nov. 10, 2005).  In Biltmore Golf, Inc., the plaintiff, an Indiana corporation, referred golfers to the defendant's golf school in Florida in exchange for a fee.  Id. at *4.  The plaintiff alleged that the defendant's contacts were sufficient to establish general

Civil No. 06-1648 (JAF)                                                    -9-

jurisdiction because (1) it entered a multi-year business relationship with an Indiana corporation, (2) it communicated with the corporation in Indiana, (3) it provided services to Indiana residents, albeit in states other than Indiana, and (4) its website was available to Indiana residents and featured a quote from a customer from Indiana. Id. at *10. The court disagreed with the plaintiff because the defendant (a) did not provide golf instruction in Indiana, (b) did not maintain offices or own property in Indiana, and, (c) although the defendant's website was available to Indiana residents, it did not otherwise advertise in Indiana. Id. at *11-12.

Similarly, here, Defendant Netser's receipt of referrals and payments from Plaintiff's office in Puerto Rico is insufficient to establish general jurisdiction because Netser did not have any offices, own any property, or provide any services in Puerto Rico. Docket Document No. 6.

Plaintiff further asserts that the choice of law provision in the contract, stating the Puerto Rico law governs the contract, demonstrates that Defendant Netser was engaging in continuous and systematic business activities in Puerto Rico such that we may exercise general jurisdiction over it. Docket Document Nos. 9-1, 9-2. Plaintiff is mistaken. A choice of law provision, even when considered together with Defendant Netser's receipt of referrals and payments from Plaintiff's Puerto Rico office, is insufficient to meet the constitutional requirements for general jurisdiction. See, e.g.,

Civil No. 06-1648 (JAF)                                                    -10-

Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1330-31 (9th Cir. 1984) (finding that no general jurisdiction existed over defendants in Arizona, although they solicited a contract there containing a choice of law and forum provision favoring Arizona, made several visits and purchases in Arizona, and engaged in extensive communication with individuals there).

### b. Defendant Herrera

Defendant Herrera's contacts also fall short of the requirements for general jurisdiction.  Aside from evidence regarding Defendant Netser's contacts with Puerto Rico – which Plaintiff seemingly imputes to Herrera – Plaintiff has not presented the court with any evidence regarding Herrera's in-forum contacts. Docket Document Nos. 1, 9. Based on Defendant Herrera's uncontested affidavit, he is a resident of Florida and does not live, render any services, have a bank account, or own or lease any property in Puerto Rico. Docket Document No. 6. Thus, Plaintiff fails to prove that we may exercise general jurisdiction over Defendant Herrera. See Biltmore Golf, Inc., 2005 U.S. Dist. LEXIS 28235, at *12 (finding that general jurisdiction did not exist for the majority owner of the defendant corporation because he did not own property in the forum state, he had visited the forum state only a few times in the past ten years, and, although he worked there in the past, he never lived there).

### 2. Specific Jurisdiction

Civil No. 06-1648 (JAF)                                                                                   -11-

In the absence of general jurisdiction, we must determine whether specific jurisdiction exists. <u>Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.</u>, 290 F.3d 42, 51 (1st Cir. 2002). We may exercise specific jurisdiction when there is a "demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is founded directly on those activities." <u>Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n</u>, 142 F.3d 26, 34 (1st Cir. 1998). Here, we consider whether Defendants conducted activities in Puerto Rico such that they might "reasonably anticipate being haled into court" here. <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980). This analysis must be done separately for each defendant. <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770, 781 n.13 (1984)("Each defendant's contacts with the forum State must be assessed individually.").

We apply the First Circuit's three-part test to determine whether the exercise of specific jurisdiction is in accordance with due process requirements: (1) "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-based activities"; (2) "the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the state law's benefits and protections and making the defendant's involuntary presence before the state's court foreseeable"; and (3) "the exercise of jurisdiction must . . . be reasonable." <u>Pritzker v. Yari</u>, 42 F.3d 53, 60-61 (1st

Cir. 1994) (internal quotations omitted). After careful consideration, we conclude that the exercise of specific jurisdiction over Defendants is inconsistent with the principles of Due Process.

### a. **Defendant Netser**

#### 1. **Relatedness**

In examining whether the relatedness prong of the test for minimum contacts has been satisfied, the court must determine whether the defendant's contacts with the forum were "instrumental either in the formation of the contract or in its breach." Phillips Exeter Academy v. Howard Phillips Fund, Inc., 196 F.3d 284, 289 (1st Cir. 1999). Of course, the mere existence of a contract is insufficient because an agreement between two parties is "'but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction.'" Swiss Am. Bank, Ltd., 274 F.3d at 621 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 479 (1985)). Thus, we must engage in "contract-plus analysis" by looking to "prior negotiations and contemplated future consequences, along with the parties' actual course of dealing." Id. (internal quotations omitted). It is not necessary for the plaintiff to show that the defendant went to the forum state. Id. at 621-22. "When physical presence is lacking, we look for some other indication that the defendant reached into the forum, such as mail or telephone contacts." Id. at 622.

Civil No. 06-1648 (JAF)                                                -13-

The record before the court in this case is sparse and does not clearly state which party initiated contact regarding the contract. See Docket Document Nos. 1, 6, 9. However, based on an affidavit submitted by German Villalongo, Plaintiff Her-Vill's General Manager, it appears that Plaintiff initiated contract negotiations by sending a draft of the proposed contract to Defendant Netser in Florida. Docket Document No. 9-2. Defendant Netser signed the contract in Florida, and returned it to Plaintiff, who signed it in Puerto Rico. Id. Aside from sending Plaintiff a signed copy of the contract, the record does not show that Defendant Netser directed any other activities at Puerto Rico. Thus, we find that Defendant Netser's in-forum contacts were not instrumental to the formation of the contract. PFIP, LLC v. Planet Fitness Enterprises, Inc., No. 04-250, 2004 U.S. Dist. LEXIS 22799, at *18-19 (D.N.H. Oct. 10, 2004)(finding that the relatedness prong was not satisfied because plaintiff initiated contact regarding the contract and the record did not show that the defendants directed activity at the forum state).

There is also no evidence that Defendant Netser engaged in any in-forum activities that were sufficiently linked to the breach of the contract. Plaintiff alleges that Defendant Netser breached its contract by (a) not providing agreed-upon work, (b) not maintaining appropriate insurance, (c) not sending Plaintiff the financial information it needed to assess Defendant's continued ability to render services, (d) not obtaining necessary licenses, (e) not

complying with insurance and disclosure laws, and (f) harming Plaintiff's corporate image. Docket Document No. 1. According to Plaintiff, Defendant Netser's in-forum activities were substantially related to the alleged breach because: (1) Netser accepted work assignments and payments from Plaintiff's Puerto Rico office, (2) Netser sent monthly invoices to Plaintiff's Puerto Rico office, and, (3) on occasion, Netser sent a representative to Puerto Rico for work evaluations. Docket Document No. 9-2.

However, Plaintiff does not explain how these business activities are related to Defendant Netser's alleged breach, and the connection is not self-evident. The relatedness prong cannot be met without proof showing that Defendant Netser's forum-based activities were instrumental to Plaintiff's breach of contract claim. See Phillips Exeter Academy, 196 F.3d at 290 ("[T]he relatedness requirement is not met merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of specific contacts between the defendant and the forum state." (internal quotations omitted)).

Defendant Netser was not contracted to perform any work in Puerto Rico. It was based in Florida and had no offices, employees or property in Puerto Rico. Docket Document No. 6. Based on this information, the alleged breach occurred either in Florida or on one of the Caribbean islands where Defendant Netser was contracted to provide services, but not in Puerto Rico. See Dagesse v. Law Firm of

Esperiti, Peterson & Cahoone, No. 03-380, 2003 U.S. Dist. LEXIS 21808, at *15 (D.N.H. Dec. 4, 2003)(finding that defendant lacked forum-based contacts related to the breach, i.e., defendant's alleged failure to produce an estate plan for its clients, who were located in New Hampshire, did not constitute a breach in New Hampshire; rather, the breach took place in Florida where its offices were located).

Accordingly, we find that the relatedness prong for Defendant Netser is not met.

### 2. Purposeful Availment

Next, we consider whether Defendant Netser purposefully availed itself of the privilege of conducting activities in Puerto Rico, thereby invoking the benefits and protections of Puerto Rico law and making its involuntary presence before the courts foreseeable. Pritzker v. Yari, 42 F.3d 53, 61 (1st Cir. 1994). The function of the purposeful availment prong is to assure that personal jurisdiction is not premised solely upon defendant's "random, isolated, or fortuitous" contacts with the forum state. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984); see also Nowak v. Tak How Invs., 94 F.3d 708, 716 (1st Cir. 1996).

Plaintiff does not provide us with any evidence supporting its assertion that the purposeful availment prong is satisfied. We note, however, that Defendant Netser's acceptance of a choice of law provision favoring Puerto Rico weighs in favor of a finding that

Netser did purposefully avail itself of the privileges of conducting activities in Puerto Rico. Burger King Corp., 471 U.S. at 482. Nonetheless, as the Supreme Court has explained, "such a provision standing alone [is] insufficient to confer jurisdiction." Id. (finding the choice of law provision sufficient to establish defendant's "deliberate affiliation with the forum State and the reasonable foreseeability of possible litigation there" only because it was "combined with a 20-year interdependent relationship [that defendant] established with [plaintiff's] headquarters in the forum state"). In addition, the mere fact that Defendant Netser entered into a contract with Plaintiff, a Puerto Rico corporation, is insufficient to satisfy the purposeful availment prong. Phillips Exeter Academy, 196 F.3d at 292 ("Without evidence that the defendant actually reached out to the plaintiff's state of residence to create a relationship – say, by solicitation – the mere fact that the defendant willingly entered into a tendered relationship does not carry the day." (internal citations omitted)).

Having found that the first two prongs of the test for specific jurisdiction are not met, we conclude that we may not exercise specific jurisdiction over Defendant Netser.

      **b.**    **Defendant Herrera**

Plaintiff fails to provide evidence of any in-forum contacts that are specific to Defendant Herrera. Docket Document No. 9. Thus, we conclude that we cannot exercise specific jurisdiction over

Defendant Herrera for the same reasons we cannot exercise specific jurisdiction over Defendant Netser.

**B.   Arbitration Order**

Defendant requests, without submitting to the jurisdiction of this court, that we issue an order compelling the parties to arbitrate the breach of contract claim, as required in the contract. Docket Document No. 6. Plaintiff stipulates that the arbitration clause in the contract is binding on the parties and, therefore, agrees that the claim should be submitted to arbitration. Despite the parties' apparent agreement regarding the need to arbitrate the claim, we may not issue the requested order because we lack personal jurisdiction over Defendants. See Johns v. Taramita, Inc., 132 F.Supp.2d 1021, 1031 (D. Fla. 2001) (dismissing the petition to compel arbitration after finding that the court lacks personal jurisdiction over respondent); see also Debreceni v. Bru-Jell Leasing Corp., 710 F. Supp. 15, 19 (D. Mass. 1989)(indicating that, without personal jurisdiction, a court lacks power to enter a judgment that binds a particular defendant).

**C.   Venue**

Similarly, because we lack personal jurisdiction over Defendants, we need not reach the issue of whether venue is proper in the present case.

**IV.**

**Conclusion**

Accordingly, Defendants' motion to dismiss, <u>Docket Document No. 6</u>, is **GRANTED**. Plaintiff's complaint, <u>Docket Document No. 1</u>, is **DISMISSED** for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Because we may not exercise personal jurisdiction over Defendants, we **DENY** their motion for an order to compel arbitration, <u>Docket Document No. 11</u>.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 12th day of December, 2006.

```
                                    S/José Antonio Fusté
                                    JOSE ANTONIO FUSTE
                                    Chief U. S. District Judge
```